UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MATERIAL TECHNOLOGIES, INC. and,

NET SHAPE, LLC,
               Plaintiffs,

v.

CARPENTER TECHNOLOGY

CORPORATION,

               Defendant.

CIVIL NO. 01-2965 (SRC)

OPINION

RECEIVED
MAY 1 2 2005
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**CHESLER, District Judge**

      This matter comes before the Court on Carpenter's Motion to Prevent Plaintiffs from Relitigating Issues Determined by the Court on Summary Judgment. The Motion has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. For the reasons given below, the Motion is granted in part and denied in part.

I.    Background

      On December 14, 2004, this Court issued an Opinion addressing Carpenter Technology Corporation ("Carpenter") and Vallourec's motions for summary judgment. In that Opinion, the Court granted Vallourec's motion in its entirety, dismissing Vallourec from the case and, among other things, granted in part and denied in part Carpenter's Motion to dismiss as to Plaintiffs' Counts 6, 7 and 15. The present Motion is related to the scope of the claims remaining in these three Counts of the Complaint.

II.    Discussion

      With respect to Plaintiff's remaining Unfair Competition Claims, Counts 6 and 7,

Carpenter argues that

> plaintiffs have tried to relitigate the summary judgment ruling by listing in the Pretrial Order and Revised Pretrial Order as a legal issue for trial the question of whether Carpenter engaged in unfair competition by 'misappropriating confidential information and/or usurping the business opportunities of the proposed joint venture.

Defendant's Brief in Support of Motion ("Def. Br.") at 3.

As Carpenter accurately points out, the Court's Opinion is unambiguous as to the scope of the unfair competition claim that survived summary judgment: "Carpenter's motion will be denied to the extent that Counts 6 and 7 are based upon conduct related to breach of the NDAs [non-disclosure agreements]." Opinion at 37. Plaintiffs assert in response that the Opinion states, in the very next paragraph, that claims for unfair competition are limited to "breach of the NDAs or misappropriation of confidential information." Plaintiffs' Opposition Brief ("Plt. Opp.") (citing Opinion at 37 (emphasis added by Plaintiffs)). While Plaintiffs' citation from the Opinion is accurate, it is very clear from the discussion of unfair competition, which refers repeatedly and specifically to breach of the NDAs as the basis of the claim, that any surviving claim for "misappropriation of confidential information" arises from breach of the NDAs. See Opinion 33-37 (allowing NDA related claims specifically because "it is clear from the Complaint, Count Six ¶¶84 & 85 and Count Seven ¶¶ 92 & 93, that Carpenter was on notice of NDA related issues with respect to unfair competition").

In the context of the Court's discussion, it should be clear that the terms "misappropriation of confidential information" refer to language used by Plaintiffs throughout the Complaint, but which was limited by the Court's Opinion to information protected by the NDAs. No more-nebulous concept of "confidential information" can form the basis of Plaintiffs' unfair competition claim. Accordingly, the law-of-the-case doctrine bars relitigation with respect

to these Counts. See Crowley v. Chait, 2004 U.S. Dist. LEXIS 27238, *57 (D.N.J. August 25, 2004). Defendant's Motion, with respect to Counts 6 and 7, will be granted.

Secondly, with respect to Count 15, Carpenter argues that

> [p]laintiffs' description of the fiduciary duty legal issues in the Revised Pretrial Order does not conform to the Court's direction. Indeed, plaintiffs' Pretrial Order submission describe[s] the legal issue as whether Carpenter breached a fiduciary duty owed to plaintiff's *"as a result of the relationship of trust and confidence between the parties."*

Def. Br. at 4 (citing Final Pretrial Order at 162; Revised Pretrial Order at 157) (emphasis added). Carpenter contends that Plaintiffs' description serves to broaden the surviving breach of fiduciary duty claim, which Carpenter believes is, like the unfair competition claim, limited to conduct in breach of the NDAs.

Here, however, Carpenter has a taken a myopic view of the Court's Opinion. Indeed, the Court's discussion of fiduciary duty includes discussion of the NDAs as *one* potential source of such a fiduciary duty–and an issue about which there are disputed issues of material fact. But the opinion does not rely solely on the NDAs– either as the source of the duty or as a limit on the conduct which might breach the duty. Specifically, the Opinion cites to at least five factual questions, including, but not limited to, breach of the NDAs, which potentially made Carpenter Plaintiffs' fiduciary or put Carpenter in breach of a fiduciary duty, these are

(1) "questions about whether plaintiff believed that the two companies had an agreement not to compete in the provision of services which were the subject of their joint venture negotiations," Opinion at 39;

(2) whether "the plaintiff openly shared with the defendant extensive information about plaintiff's corporation" having "opened itself to an extensive due diligence investigation to be conducted by Carpenter pursuant to a confidentiality agreement between the parties," Id.;

(3) questions about "whether defendant used information covered by a confidentiality agreement to openly compete with the plaintiff," Id.;[1]

(4) "the presence of a more vulnerable party [MTI] which, typically, has tied its success to the other by becoming the exclusive agent of the dominant party, or, by authorizing the other party to make the majority of important business decisions" . . . "in this case, there are material issues of fact as to whether MTI agreed, during joint venture negotiations, to deal exclusively with Carpenter to pursue the Scanpac project;" Id. at 40 (citations omitted);

(5) "there is a legitimate dispute over whether a special relationship of confidence and trust arose between MTI and Carpenter before an agreement was reached, in the course of negotiations. This question of fact is wholly independent of any relationship that may have arose had the proposed joint venture been executed," Id. at 41 (the relationship posited in this discussion could also have arisen independent of the execution of the NDAs).

The Court's Opinion denied summary judgment on Plaintiffs' claim for breach of fiduciary duty citing all of these several, broadly framed issues. The Court finds no error in Plaintiff's own framing of the fiduciary duty issues at this stage of the litigation—which, as Plaintiffs note, are taken directly from the Court's Opinion, see Plt. Opp. at 3 (The language used by Plaintiffs in the Revised Pretrial Order is taken from the Court's Opinion at 41.)

Plaintiff's statement of the issue is consistent with the five potential sources of a fiduciary duty, and conduct that would be in breach of such a fiduciary duty, as set forth in the Opinion and above. For this reason, the Court will decline Carpenter's invitation to limit this claim to conduct in breach of the NDAs and Carpenter's Motion is denied as to Count 15.

III.   Conclusion

---

[1] Issues 2 and 3 both reference the NDAs but they are distinct because the second focuses on the imbalance in the relationship between MTI and Carpenter resulting from the due diligence investigation underwent by MTI (with reference made to the NDA for the sake of specificity), while the third refers to Carpenter's alleged usurpation of MTI's business opportunities, and disputed evidence of Carpenter's utilization of information obtained under the NDAs to that end.

For the above reasons, Defendant's Motion is granted with respect to Plaintiffs' unfair competition claims in Counts 6 and 7. These Counts were clearly limited to conduct in breach of the parties' NDAs. Carpenter's Motion is denied with respect to Plaintiff's claim for breach of fiduciary in Count 15, which the Court upheld as a broader claim that implicated a rage of alleged conduct and factual context, apart from that which related to the NDAs.

Dated: May 10, 2005

Stanley R. Chesler, U.S.D.J.