UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MATERIAL TECHNOLOGIES, INC. and,

NET SHAPE, LLC,
         Plaintiffs,

v.                                                                                         CIVIL NO. 01-2965 (SRC)

CARPENTER TECHNOLOGY,                                                **OPINION**

         Defendants.

**CHESLER, District Judge**

      This matter comes before the Court on the Application for fees and expenses by Defendants Carpenter and Vallourec, which were awarded to Carpenter pursuant to Fed. R. Civ. P . 37(c)(1) in this Court's Opinion and Order, both dated June 28, 2005.

      In the June 28, 2005 Opinion, the Court directed Carpenter to submit an affidavit detailing reasonable expenses and fees associated with obtaining compliance with federal discovery rules:

> Hershberger's inability to produce his back-up materials necessarily required Carpenter to incur additional expenses in preparing supplemental expert reports and in preparing to take a second deposition of Mr. Hershberger, upon reviewing Hershberger's "recreation" of his discarded data. Any prejudice to Carpenter was, however, remedied by Judge Hughes's granting leave to Carpenter to take this second deposition of Hershberger, and additionally, by the Court presently allowing defense to recover reasonable expenses and attorney fees associated with obtaining compliance with federal discovery rules, as will be set forth in the Order accompanying this Opinion.

June 28, 2005 Opinion at 36, Dkt. No. 123.

      Importantly, the Court granted Defendants' Motion to Preclude Mr. Hershberger for reasons unrelated to any discovery failure or deficiency: The preclusion of Mr. Hershberger " . . . did not involve 'materials' of any significance – backup or otherwise – and rested on Defendants'

reliance on Mr. Hershberger's Expert Report and Deposition." Id. at 36.  Consequently, Carpenter and Vallourec's request for attorneys' fees and expenses–in excess of $126,000–all of which are connected to Defendants' ultimate effort to preclude the Hershberger testimony, is disproportionate under these circumstances.

The following award of fees and expenses is, in the Court's opinion, more proportional to the infraction at issue.  Expenses to be awarded, as detailed and supported in the Affidavits, Certifications and Brief of David Wolfson, dated July 15, 2005 and August 5, 2005, incurred by Vallourec and Carpenter, in connection with preparing the supplemental expert reports of Defendant experts Dr. Firoze Katrak and Mr. Howard Sanderow and taking a second deposition of Hershberger are as follows:

1. 10/1/03, Fees associated with Carpenter's review of Hershberger recreated affidavit and data: $360.00.  See July 15 Wolfson Aff. Ex. 1 at 1.
2. 10/10/03 - 10/14/03, Fees associated with Carpenter's preparation and taking of second Hershberger Deposition: totaling $3,335.00.  See Id. at 3-4.
3. 10/14/03, Carpenter's expenses for Transcription of second Hershberger Deposition, Esquire Deposition Service:   $1, 446.90.  See Id. at 6.
4. Expert fees paid by Carpenter to Charles River Associates for review of the Hershberger recreated data and Dr. Katrak's Supplemental report (fees only – no expert expenses included): $20,607.50.  See Id. at 6.
5. Expert fees paid by Carpenter to Management and Engineering Technologies for review of Hershberger recreated data and Mr. Sanderow's Supplemental report (fees only – no expert expenses included): $5,775.00.

The total award for Carpenter's fees and expenses will be $31,523.90.

Counsel for Vallourec has submitted an application as well, and will be awarded the

following expenses and fees, as detailed in the Declaration of Lisa S. Gallerano, July 15 Wolfson Aff. Ex. 2 :

1. 10/12/03 - 10/14/03, Fees associated with Vallourec's preparation and participation in second Hershberger Deposition: totaling $6,982.00.  See July 15 Wolfson Aff. Ex. 2 at
2. 10/14/03, Vallourec's expenses for Transcription of second Hershberger Deposition, Esquire Deposition Service:   $680.00.  See Id. at 5.
3. Expert fees paid by Vallourec to Charles River Associates for review of the Hershberger recreated data and Dr. Katrak's Supplemental report (fees only – no expert expenses included): $20,607.50.  See Id. at 6.
4. Expert fees paid by Vallourec to Management and Engineering Technologies for Review of Hershberger recreated data and Mr. Sanderow's Supplemental report (fees only – no expert expenses included): $5,775.00.  See Id. at 6.

The total award for Vallourec's fees and expenses will be $34,044.50.

An appropriate Order accompanies this Opinion.

                              Stanley R. Chesler, U.S.D.J.

                              Dated: August 23, 2005